IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 11-CV-00384

Kforce, Inc.,

        Plaintiff,

vs.

Nicholas Kazma,

        Defendant.

**CONSENT DECREE AND INJUNCTION**

The parties, plaintiff Kforce, Inc. ("Plaintiff") and defendant Nicholas Kazma ("Defendant"), stipulate to the entry of the following Consent Decree and Injunction,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant and anyone acting by, through or on behalf of him is enjoined and prohibited from using, disclosing or profiting from Kforce Proprietary and Confidential Information obtained by Nicholas Kazma in connection with his employment at Kforce. Prohibited use includes, but is not limited to, initiating contact with anyone through the utilization of any Kforce Proprietary and Confidential Information directly or indirectly as part of an effort to make an employment placement.

2. As used herein, Kforce Proprietary and Confidential Information means non-public information pertaining to Kforce's candidates, clients, employees, and consultants, including but not limited to candidate, employee or consultant resumes. Kforce Proprietary and Confidential Information includes information not generally available to the public but available to Nicholas Kazma through his employment at

Kforce concerning Kforce clients (whether past, current or prospective), such as: (1) direct contact information (including email addresses, direct dial phone numbers, cell phone numbers, phone extension numbers, etc.); (2) client organizational information (including seniority, chain-of-command, assignment of responsibilities, etc.); (3) personal information about client employees; (4) proprietary Kforce forms and training materials; (5) proprietary client-specific information, work product and presentations; (6) Kforce databases; (7) client, candidate, employee or consultant resumes; (8) Kforce procured leads; and (9) Kforce procured job postings from clients.

3. In the event plaintiff has a good faith reason to believe defendant, or anyone acting by, through or on behalf of him, has violated either paragraph 1 or 2 of this Consent Decree and Injunction, Plaintiff shall provide Defendant with written notice of said violation. Defendant shall have seven (7) days from the receipt of this notice in which to either: (a) cure the violation by immediately remedying the actions described in the notice; or (b) provide written explanation and/or documentation as to how the alleged actions set forth in the notice do not constitute a violation of this Consent Decree and Injunction. Upon expiration of the 7th day, if Defendant has failed to respond, or said response does not satisfy Plaintiff, Plaintiff shall then be entitled to proceed under paragraph 8 of this Consent Decree and Injunction.

4. Defendant shall submit as many of his personal electronic devices and/or electronic storage devices as necessary for forensic analysis by the third party of Kforce's choice to analyze whether the electronic information improperly obtained by Defendant

has been copied, printed, forwarded, or saved to any other parties or external memory devices.

5. Defendant has or shall within 7 days of the date of this Order provide his written consent to the use of such technical resources as may be necessary to permanently delete all electronically stored Kforce Proprietary and Confidential Information including but not limited to e-mails, correspondence, client information, employee information, candidate information, and consultant information, as well as all archives or copies kept on any storage media, devices or equipment including, but not limited to, servers, desktops, laptops, disks, PDAs, cell phones, portable storage cards, thumb drives and/or memory sticks.

6. Defendant shall return to Kforce all Kforce Proprietary and Confidential Information not stored electronically and not heretofore returned.

7. Defendant shall further provide Plaintiff an affidavit, sworn under penalty of perjury, stating that he has fully completed the obligations set forth in this Consent Decree and Injunction.

8. Subject to compliance with this stipulation, Kforce's Complaint is dismissed with prejudice, however, Kforce retains the right to pursue a cause of action against Defendant for an alleged violation of paragraph 8 of Defendant Nicholas Kazma's Employment, Non-Disclosure and Non-Solicitation Agreement attached to the pleadings and/or an alleged violation of this Consent Decree and Injunction. This Court retains jurisdiction of this matter necessary to resolve disputes, if any, and for enforcement

purposes including contempt proceedings and injunctive relief for any breach of the terms of this Consent Decree and Injunction.

9. Defendant has no right to appeal from the terms of this Consent Decree and Injunction. Defendant shall bear his own costs and attorneys' fees and pay to Plaintiff the amount of $2,000, within 30 days of the entry of this Consent Decree and Injunction, as partial payment of Plaintiff's costs and attorneys' fees in this action.

10. This Consent Decree and Injunction shall bind and inure to the benefit of all parties hereto, and all their assigns and successors in interest.

Dated this 27 day of October, 2011.

**BY THE COURT:**

*[signature]*

**STIPULATED BY THE PARTIES:**

Dated this 7th day of September, 2011.　　　　Dated this 7th day of September, 2011.

*/s/ Nathan M. Hull*
Nathan M. Hull
NC State Bar No.: 26909
**HULL & CHANDLER, P.A.**
521 East Morehead Street, Suite 101
Charlotte, NC 28202
Telephone: 704.375.8488
Facsimile: 704.375.8487
Email: nmhull@lawyercarolina.com

*Attorney for Defendant Nicholas Kazma*

*/s/ Marylin E. Culp*
Marylin E. Culp
NC State Bar No.: 26938
**LITTLER MENDELSON, P.C.**
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7001
Facsimile: 704.333.4005
Email: mculp@littler.com

*Attorney for Plaintiff Kforce, Inc.*